NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CIPRIAN MATEI VLAD and EVELYN KLARA GRIM, AKA Evelyn Grim-Smout, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-70331 <br><br> Agency Nos. A089-331-239 <br> A089-421-072 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Ciprian Matei Vlad and Evelyn Klara Grim, natives and citizens of

Romania, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") removal order. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

factual findings, and review de novo questions of law. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that petitioners are removable under 8 U.S.C. § 1182(a)(6)(C)(i) due to each having procured a visa through a fraudulent marriage, where the government presented clear and convincing evidence that they did not intend to establish a life with their respective United States citizen spouses at the inception of their marriages. *See Nakamoto v. Ashcroft*, 363 F.3d 874, 881-82 (9th Cir. 2004) (in determining whether an alien entered into a marriage for the purpose of procuring admission into the United States, the focus of the inquiry is whether the couple intended to establish a life together at the time they were married; this court must affirm the IJ's ruling unless the evidence is "so compelling that no reasonable fact finder could fail to find the facts were as [the alien] alleged").

To the extent petitioners contend the agency erred in considering evidence after the time of their respective marriages, this contention fails because such evidence may "bear on the subjective intent of the parties at the time they were married." *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1148 (9th Cir. 2005) (citation omitted).

Petitioners' contention that the BIA improperly shifted the burden of proof

16-70331

onto them is not supported by the record.

We lack jurisdiction to consider petitioners' unexhausted contentions that they were not given a proper individualized inquiry, and that the IJ improperly shifted the burden of proof onto them. *See* 8 U.S.C. § 1252(d)(1).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**